# EXHIBIT 1



# Notice of Service of Process

null / ALL
Transmittal Number: 17223635
Date Processed: 10/04/2017

| | |
|---|---|
| **Primary Contact:** | Kristina Cates<br>Laboratory Corporation of America Holdings<br>531 South Spring Street<br>Burlington, NC 27215 |
| **Electronic copy provided to:** | Emily Greeson<br>Lynda Andrews<br>Anetta Outlaw<br>Mary Beth Maines |
| **Entity:** | Laboratory Corporation of America<br>Entity ID Number  0035873 |
| **Entity Served:** | Laboratory Corp. of America |
| **Title of Action:** | Crystal Ingram vs. Laboratory Corporation of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cook County Circuit Court, Illinois |
| **Case/Reference No:** | 2017-L-009375 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 10/02/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Nicoholas V. Loizzi<br>312-649-3737 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

CRYSTAL INGRAM

v.

LABORATORY CORP. OF AMERICA;
LAB. CORP. OF AMERICA HOLDINGS

No. 2017-L-009375

Defendant Address:
LABORATORY CORP. OF AMERICA
R/A ILLINOIS CORPORATION SERVICE C
801 ADLAI STEVENSON DRIVE
SPRINGFIELD, IL 62703

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid 1500
Rolling Meadows, IL 60008

☐ District 4 - Maywood
Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Richard J. Daley Center
50 W. Washington, LL-01
Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 39260
Name: LOIZZI LAW OFFICES
Atty. for: CRYSTAL INGRAM
Address: 218N JEFFERSN#400
City/State/Zip Code: CHICAGO, IL 60661
Telephone: (312) 649-3737
Primary Email Address: nloizzi@loizzilaw.com
Secondary Email Address(es):
mkay@loizzilaw.com

Witness: Friday, 15 September 2017

/s DOROTHY BROWN
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
CALENDAR: H
PAGE 1 of 9
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

Attorney Code No. 39260

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CRYSTAL INGRAM, ) | |
| Plaintiff ) | |
| ) | No. |
| v. ) | |
| ) | |
| LABORATORY CORPORATION OF AMERICA ) | |
| and LABORATORY CORPORATION OF ) | |
| AMERICA HOLDINGS, ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

### COUNT I. (LABORATORY CORPORATION OF AMERICA)

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, LABORATORY CORPORATION OF AMERICA, states as follows:

1. That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2. That on or about February 3, 2014, Dr. Bressler examined the patient CRYSTAL INGRAM, and performed tests consisting of PAP smear and HPV screening.

3. That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA for analysis and interpretation.

4. That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5. That on or about February 6, 2014, LABORATORY CORPORATION OF

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 2 of 9

AMERICA, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6. That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7. That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff CRYSTAL INGRAM, repeat the PAP test in three years on or about February of 2017.

8. That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAT smear test.

9. That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

10. That it was the duty of the defendant, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, to exercise the skill and care ordinarily used by a reasonably well qualified doctor and cytotechnologists in the practice and specialty, but notwithstanding the said duty, as aforesaid, the defendant, LABORATORY CORPORATION OF AMERICA, was guilty of one or more of the following acts or omissions amounting to negligence:

    a. Failed to properly analyze and interpret the PAP test of February 6,

2014;

    b.      Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia."

11.    That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

12. That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

**COUNT II. (LABORATORY CORPORATION OF AMERICA HOLDINGS)**

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, states as follows:

    1.      That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

    2.      That on or about February 3, 2014, Dr. Bressler examined the patient

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 3 of 9

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 4 of 9

CRYSTAL INGRAM, and performed tests consisting of PAP smear and HPV screening.

3. That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS for analysis and interpretation.

4. That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5. That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6. That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7. That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff CRYSTAL INGRAM, repeat the PAP test in three years on or about February of 2017.

8. That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAT smear test.

9. That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia,

CINII/CINIII/CIS."

10. That it was the duty of the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, to exercise the skill and care ordinarily used by a reasonably well qualified doctor and cytotechnologists in the practice and specialty, but notwithstanding the said duty, as aforesaid, the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, was guilty of one or more of the following acts or omissions amounting to negligence:

    a. Failed to properly analyze and interpret the PAP test of February 6, 2014;

    b. Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia."

11. That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

12. That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and or actual or apparent agents, including but not

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 5 of 9

limited to Debra Brown, M.D. and cytotechnologist Christin Cox, in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

_____
Attorney for the plaintiff

Attorney Code No. 39260
LOIZZI LAW OFFICES, LLC
Attorneys for Plaintiff
218 North Jefferson Street
Suite 400
Chicago, IL 60661
(312) 649-3737
FAX (312) 234-9942

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 6 of 9

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 7 of 9

Attorney Code No. 34167

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CRYSTAL INGRAM,<br><br>    Plaintiff<br><br>    v.<br><br>LABORATORY CORPORATION OF AMERICA<br>and LABORATORY CORPORATION OF<br>AMERICA HOLDINGS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622 (a) (3)

YOUR AFFIANT, Nicholas V. Loizzi, attorney for the plaintiff herein, being first duly sworn, deposes and states that:

1. I am the attorney for the plaintiff CRYSTAL INGRAM.

2. That on June 15, 2017 plaintiff CRYSTAL INGRAM, by and through her duly authorized representative requested that defendants herein produce for examination CRYSTAL INGRAM'S original PAP smear specimen taken on February 3, 2014.

2. That on or about August 3, 2017, the defendants herein, responded to plaintiff's request with a letter refusing to tender said slides of specimen taken from February 3, 2014 PAP smear.

4. That it has now been over 60 days from the original request and as such the slides are overdue.

5. That the specimen from the February 43, 2014 PAP smear must be obtained by plaintiff so that plaintiff's expert may properly review the said specimen and then possibly provide a report sufficient to meet the criteria of 735 ILCS 5/2-622 (a)(1).

6. That as a result of the foregoing, plaintiff is unable to provide a report and affidavit as required by 735 ILCS 5/2-622 (a)(1), and as such, requests additional time to obtain and provide said report and affidavit.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as

to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Nicholas V. Loizzi

Attorney Code: 39260
Loizzi Law Offices, LLC
Attorney for Plaintiffs
218 North Jefferson Street, Suite 400
Chicago, Illinois 60661
Phone: (312) 649-3737
Fax: (312) 234-9942

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 8 of 9

Attorney Code No. 34167
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| CRYSTAL INGRAM, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| ) | No. |
| v. ) | |
| ) | |
| ) | |
| LABORATORY CORPORATION OF AMERICA ) | |
| and LABORATORY CORPORATION OF ) | |
| AMERICA HOLDINGS, ) | |
| ) | |
| Defendants. ) | |

## DAMAGES AFFIDAVIT

YOUR AFFIANT, Nicholas V. Loizzi, attorney for the plaintiff herein, being first duly sworn, deposes and states that:

1. I am the attorney for the plaintiff CRYSTAL INGRAM.
2. I am a partner in the law firm of LOIZZI LAW OFFICES, LLC, 218 North Jefferson Street, Suite 400, Chicago, Illinois 60661, and am in charge of preparation and trial of the above-entitled matter.
3. Pursuant to Supreme Court Rule 222(b), the total money damages to be sought by Plaintiff exceeds FIFTY THOUSAND DOLLARS ($50,000).

FURTHER, YOUR AFFIANT SAYETH NOT.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Nicholas V. Loizzi

Attorney Code: 39260
Loizzi Law Offices, LLC
Attorney for Plaintiffs
218 North Jefferson Street, Suite 400
Chicago, Illinois 60661
Phone: (312) 649-3737 / Fax: (312) 234-9942

ELECTRONICALLY FILED
9/15/2017 12:56 PM
2017-L-009375
PAGE 9 of 9