## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CRYSTAL INGRAM and, )
EMANUEL INGRAM )
    Plaintiff, )
                      )
    v. )
                      )
LABORATORY CORPORATION OF AMERICA )    Civil Action No. 17 cv 08819
LABORATORY CORPORATION OF )
AMERICA HOLDINGS, DEBRA BROWN, M.D. )
and CHRISTIN COX, JUDITH BRESSLER, M.D. )
THERESA HUBERTY, R.N. )
DUPAGE MEDICAL GROUP, LTD., EDWARD )    Formerly Case No.
HOSPITAL, EDWARD-ELMHURST )    17 L 009375 in the Circuit
HEALTHCARE, EDWARD HEALTH VENTURES )    Court of Cook County,
                      )     Law Division
    Defendants. )

## SECOND AMENDED COMPLAINT AT LAW

### JURISDICTION AND VENUE

1. This is a medical malpractice case involving the negligent failure to diagnose and treat plaintiff by misreading Pap Smears and conveying erroneous information to plaintiff.

2. This Federal District Court presently has Diversity jurisdiction of this cause of action. (Diversity jurisdiction is presently being contested by plaintiff by way of a motion to remand to state court- which said motion is pending before the Honorable Judge Dow.)

### PARTIES

1. Plaintiff, CRYSTAL INGRAM, is a citizen of the United States of America, domiciled in the State of Illinois.

2. Defendant, JUDITH BRESSLER, M.D., is a citizen of the United States of America, domiciled in the DuPage County, State of Illinois.

3. Defendant, THERESA HUBERTY R.N., is a citizen of the United States of America, domiciled in the DuPage County, State of Illinois.

4. Defendant, DUPAGE MEDICAL GROUP, LTD., is a citizen of the United States of America, domiciled in the DuPage County, State of Illinois.

5. Defendants, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES, are citizens of the United States of America, domiciled in the DuPage County, State of Illinois.

6. Defendants, LABORATORY CORPORATION OF AMERICA, is a citizens of the United States of America, organized and existing under the laws of Delaware, with its principal lace of business in North Carolina.

7. Defendants, LABORATORY CORPORATION OF AMERICA HOLDINGS, is a citizens of the United States of America, organized and existing under the laws of Delaware, with its principal lace of business in North Carolina.

8. Defendants, DR. DEBRA BROWN, is a citizens of the United States of America, domiciled in the West Virginia.

9. Defendants, KRISTEN COX, is a citizens of the United States of America, domiciled in the Ohio.

## FACTS

## COUNT I. (LABORATORY CORPORATION OF AMERICA)

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, LABORATORY CORPORATION OF AMERICA, states as follows:

1. That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under

the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2.      That on or about February 3, 2014, Dr. Bressler examined the patient CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.      That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA, for analysis and interpretation.

4.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.      That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff,

CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.     That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound, which demonstrated the existence of fibroid and possible cyst on her ovary.

9.     That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

10.    That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

11.    That it was the duty of the defendant, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, to exercise the skill and care ordinarily used by a reasonably well qualified doctor and cytotechnologists in the practice and specialty. Notwithstanding said duty, the defendant, LABORATORY CORPORATION OF AMERICA, was guilty of one or more of the following acts or omissions amounting to negligence:

a.     Failed to properly analyze and interpret the PAP test of February 3, 2014;

b.     Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia."

c.     Failed to accurately report the existence of ASC-H.

12.    That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that

the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

13.  That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

## COUNT II.  LOSS OF CONSORTIUM
## (LABORATORY CORPORATION OF AMERICA)

NOW COMES the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, LABORATORY CORPORATION OF AMERICA, states as follows:

1-13.  Plaintiff restates and incorporates herein, by reference, paragraphs 1 through 13 of Count I as paragraphs 1 through 13 of Count II, as if fully set forth herein.

14.     That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM.  That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for judgment against the defendant, LABORATORY CORPORATION OF AMERICA, in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

**COUNT III. (LABORATORY CORPORATION OF AMERICA HOLDINGS)**

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, states as follows:

1.      That or about February 3, 2014, plaintiff, CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2.      That on or about February 3, 2014, Dr. Bressler examined the patient CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.      That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS for analysis and interpretation.

4.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of

"Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.     That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and/or actual or apparent agents, including but not limited to Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.     That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff, CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.     That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound, which demonstrated the existence of fibroid and possible cyst on her ovary.

9.     That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

10.    That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

11.    That it was the duty of the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, to exercise the skill and care ordinarily used by a reasonably well qualified doctor and cytotechnologists in the practice and specialty, Notwithstanding said duty, the

defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, was guilty of one or more of the following acts or omissions amounting to negligence:

a. Failed to properly analyze and interpret the PAP test of February 3, 2014;

b. Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia."

c. Failed to accurately report the existence of ASC-H.

12. That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

13. That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

## COUNT IV. LOSS OF CONSORTIUM
### (LABORATORY CORPORATION OF AMERICA HOLDINGS)

NOW COMES the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, states as follows:

1-13.    Plaintiff restates and incorporates herein, by reference, paragraphs 1 through 13 of Count III as paragraphs 1 through 13 of Count IV, as if fully set forth herein.

14.    That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM. That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for judgment against the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS, in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

### COUNT V. (DEBRA BROWN, M.D.)

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, DEBRA BROWN, M.D., states as follows:

1.    That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2.    That on or about February 3, 2014, Dr. Bressler examined the patient

CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.      That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA, for analysis and interpretation.

4.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, DEBRA BROWN, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.      That on or about February 6, 2014, DEBRA BROWN, M.D. analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.      That on or about February 6, 2014, DEBRA BROWN, M.D. transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.      That as a result of the interpretation of the PAP specimen by DEBRA BROWN, M.D., Dr. Bressler recommended that plaintiff, CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.      That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound, which demonstrated the existence of fibroid and possible cyst on her ovary.

9.      That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

10.     That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

11.    That it was the duty of the defendant, DEBRA BROWN, M.D., to exercise the skill and care ordinarily used by a reasonably well qualified doctor in the practice and specialty. Notwithstanding said duty, the defendant, DEBRA BROWN, M.D. was guilty of one or more of the following acts or omissions amounting to negligence:

      a.    Failed to properly analyze and interpret the PAP test of February 3, 2014;

      b.    Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia."

      c.    Failed to accurately report the existence of ASC-H.

12.    That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

13.  That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, DEBRA BROWN, M.D., in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

## COUNT VI.  LOSS OF CONSORTIUM
### (DEBRA BROWN, M.D.)

NOW COMES the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, DEBRA BROWN, M.D., states as follows:

1-13.   Plaintiff restates and incorporates herein, by reference, paragraphs 1 through 13 of Count V as paragraphs 1 through 13 of Count VI, as if fully set forth herein.

14.    That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM.  That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for judgment against the defendant, DEBRA BROWN, M.D., in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

### COUNT VII.  (CHRISTIN COX)

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, CHRISTIN COX, states as follows:

1.    That or about February 3, 2014, plaintiff, CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2.    That on or about February 3, 2014, Dr. Bressler examined the patient

CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.     That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA HOLDINGS for analysis and interpretation.

4.     That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA HOLDINGS, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist CHRISTIN COX, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.     That on or about February 6, 2014, cytotechnologist CHRISTIN COX, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.     That on or about February 6, 2014, cytotechnologist CHRISTIN COX, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.     That as a result of the interpretation of the PAP specimen by cytotechnologist, CHRISTIN COX, Dr. Bressler recommended that plaintiff, CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.     That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound, which demonstrated the existence of fibroid and possible cyst on her ovary.

9.     That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

10.    That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

11.     That it was the duty of the defendant, cytotechnologist CHRISTIN COX, to exercise the skill and care ordinarily used by a reasonably well qualified doctor and cytotechnologists in the practice and specialty, Notwithstanding said duty, the defendant, CHRISTIN COX, was guilty of one or more of the following acts or omissions amounting to negligence:

      a.    Failed to properly analyze and interpret the PAP test of February 3, 2014;

      b.    Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia."

      c.    Failed to accurately report the existence of ASC-H.

12.     That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous;  that the plaintiff, CRYSTAL INGRAM, missed time from her employment;  that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional;  that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

13.  That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, CHRISTIN COX, in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

## COUNT VIII. LOSS OF CONSORTIUM
### (CHRISTIN COX)

NOW COMES the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, CHRISTIN COX, states as follows:

1-13.    Plaintiff restates and incorporates herein, by reference, paragraphs 1 through 13 of Count VII as paragraphs 1 through 13 of Count VIII, as if fully set forth herein.

14.    That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM.  That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for judgment against the defendant, CHRISTIN COX, in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

### COUNT IX. (JUDITH BRESSLER, M.D.)

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, JUDITH BRESSLER M.D., states as follows:

1.    That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2.    That on or about February 3, 2014, Dr. Bressler examined the patient

CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.      That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA, for analysis and interpretation.

4.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.      That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff, CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.      That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound,

which demonstrated the existence of fibroid and possible cyst on her ovary.

9.  That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

10.  That the PAP and HPV test results, as well as the instructions for repeating the tests were communicated to plaintiff by JUDITH BRESSLER, M.D. and or THERESA HUBERTY, R.N.

11.  That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

12.  That it was the duty of the defendant, cytotechnologist JUDITH BRESSLER, M.D., to exercise the skill and care ordinarily used by a reasonably well qualified doctor in the practice and specialty, Notwithstanding said duty, the defendant, JUDITH BRESSLER, M.D., was guilty of one or more of the following acts or omissions amounting to negligence:

   a.  Failed to properly convey test results to plaintiff;

   b.  Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia;"

   c.  Gave plaintiff incorrect instructions for repeating tests including but not limited to the pap smear and HPV tests as well as co-testing;

   d.  Gave plaintiff erroneous instructions verbally and through her patient online chart "My Chart);

   e.  Failed to properly perform patient examinations, including but not limited to pelvic examination;

   f.  Failed to follow up on abnormal examinations;

   g.  Failed to follow up on plaintiff's continued complaints of

excessive menstrual bleeding;

h. Had improper office procedures whereby information was incorrectly communicated to patients including plaintiff.

i. Failed to follow up on abnormal pelvic ultrasound test.

j. Was otherwise careless and negligent.

13. That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

14. That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, JUDITH BRESSLER, M.D., in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

## COUNT X. LOSS OF CONSORTIUM
### (JUDITH BRESSLER, M.D.)

NOW COMES the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, JUDITH BRESSLER M.D., states as follows:

1-14. Plaintiff restates and incorporates herein, by reference, paragraphs 1

through 14 of Count IX as paragraphs 1 through 14 of Count X, as if fully set forth herein.

15.     That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM. That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for judgment against the defendant, JUDITH BRESSLER, M.D., in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

## COUNT XI. (THERESA HUBERTY, R.N)

NOW COMES the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, THERESA HUBERTY, R.N., states as follows:

1.     That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler and Theresa Huberty of DuPage Medical Group.

2.     That on or about February 3, 2014, Dr. Bressler examined the patient CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.     That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF

AMERICA, for analysis and interpretation.

4.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.      That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff, CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.      That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound, which demonstrated the existence of fibroid and possible cyst on her ovary.

9.      That the PAP and HPV test results, as well as the instructions for repeating the tests were communicated to plaintiff by JUDITH BRESSLER, M.D. and or

THERESA HUBERTY, R.N.

10.    That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

11.    That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

12.    That it was the duty of the defendant, cytotechnologist THERESA HUBERTY R.N., to exercise the skill and care ordinarily used by a reasonably well qualified doctor in the practice and specialty, Notwithstanding said duty, the defendant, THERESA HUBERTY, R.N. was guilty of one or more of the following acts or omissions amounting to negligence:

 a.    Failed to properly convey test results to plaintiff;

 b.    Gave plaintiff incorrect instructions for repeating tests including but not limited to the pap smear and HPV tests as well as co-testing;

 c.    Failed to follow up on abnormal examinations;

 d.    Failed to follow up on plaintiff's continued complaints of excessive menstrual bleeding;

 e.    Had improper office procedures in place whereby information was incorrectly communicated to patients including plaintiff.

 f.    Gave plaintiff erroneous instructions verbally and through her patient online chart "My Chart);

 g.    Failed to notify plaintiff of need to repeat PAP and HPV.

 h.    Failed to follow up on abnormal pelvic ultrasound test.

 i.    was otherwise careless and negligent.

13.    That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition

of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

14. That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, , prays for judgment against the defendant, THERESA HUBERTY R.N., in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

## COUNT XII. LOSS OF CONSORTIUM
### (THERESA HUBERTY, R.N)

NOW COMES the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and complaining of the defendant, THERESA HUBERTY, R.N., states as follows:

1-14. Plaintiff restates and incorporates herein, by reference, paragraphs 1 through 14 of Count XI as paragraphs 1 through 14 of Count XII, as if fully set forth herein.

15. That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM. That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values

which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for judgment against the defendant, THERESA HUBERTY R.N., in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

## COUNT XIII. (DUPAGE MEDICAL GROUP, LTD.)

Now comes the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and makes the following allegations against the respondents in discovery, DUPAGE MEDICAL GROUP, LTD.:

1.      That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2.      That on or about February 3, 2014, Dr. Bressler examined the patient CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.      That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA, for analysis and interpretation.

4.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.      That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents,

including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.     That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.     That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff, CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.     That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound, which demonstrated the existence of fibroid and possible cyst on her ovary.

9.     That the PAP and HPV test results, as well as the instructions for repeating the tests were communicated to plaintiff by JUDITH BRESSLER, M.D. and or THERESA HUBERTY, R.N. or other staff members of DUPAGE MEDICAL GROUP LTD..

10.     That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

11.     That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

12.     That at all times referenced herein, JUDITH BRESSLER, M.D., THERESA HUBERTY, R.N. and or other employee or staff members of Dupage Medical Group, were the actual or apparent agents and or employees of defendant, DUPAGE MEDICAL GROUP, LTD.

13.     It was then and there the duty of the defendant, DUPAGE MEDICAL GROUP, LTD. by and through its authorized or apparent agents, servants and employees, to include the aforementioned JUDITH BRESSLER, M.D., THERESA HUBERTY, R.N. and or other employee or staff members of Dupage Medical Group, to exercise due care and caution in the examination, diagnosis and treatment of plaintiff, which said duty included, but was not limited to, the accurate diagnosis and treatment of plaintiff's symptoms and complaints.

14.     Not regarding the duty as aforesaid, defendant, DUPAGE MEDICAL GROUP, LTD. by and through its duly authorized or apparent agents, servants, and employees, including but not limited to JUDITH BRESSLER, M.D., THERESA HUBERTY, R.N. and or other employee or staff members of Dupage Medical Group, were guilty of one or more of the following careless and negligent acts or omissions:

   a.     Failed to properly convey test results to plaintiff;
   b.     Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia;"
   c.     Gave plaintiff incorrect instructions for repeating tests including but not limited to the pap smear and HPV tests as well as co-testing;
   d.     Failed to properly perform patient examinations, including but not limited to pelvic examination;
   e.     Failed to follow up on abnormal examinations;
   f.     Failed to follow up on plaintiff's continued complaints of

excessive menstrual bleeding;

g.    Had improper office procedures in place whereby information was incorrectly communicated to patients including plaintiff.

h.    Gave plaintiff erroneous instructions through her patient online chart "My Chart);

i.    Failed to notify plaintiff of need to repeat PAP and HPV.

j.    Failed to follow up on abnormal pelvic ultrasound test.

k.    Was otherwise careless and negligent.

15.    That as a direct and proximate result of one or more of the foregoing acts or omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff, CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary nature.

16.    That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, DUPAGE MEDICAL GROUP, LTD. in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

### COUNT XIV. LOSS OF CONSORTIUM
### (DUPAGE MEDICAL GROUP, LTD.)

Now comes the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and makes the following allegations against the respondents

in discovery, DUPAGE MEDICAL GROUP, LTD.:

1-16.   Plaintiff restates and incorporates herein, by reference, paragraphs 1 through 16 of Count XIII as paragraphs 1 through 16 of Count XIV, as if fully set forth herein.

17.   That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM. That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for judgment against the defendant, DUPAGE MEDICAL GROUP, LTD, in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

### COUNT XV. (EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES)

Now comes the plaintiff, CRYSTAL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and makes the following allegations against the respondents in discovery, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES:

1.   That or about February 3, 2014, plaintiff CRYSTAL INGRAM, was under the care of her physician Dr. Judith Bressler of DuPage Medical Group.

2.   That on or about February 3, 2014, Dr. Bressler examined the patient CRYSTAL INGRAM, and performed tests consisting of a PAP smear and HPV screening.

3.     That on or about February 3, 2014, the PAP specimen and the HPV specimen were submitted to the defendant, LABORATORY CORPORATION OF AMERICA, for analysis and interpretation.

4.     That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, received and assigned number 034-C50-5257-0 to the PAP specimen.

5.     That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, analyzed and interpreted the PAP specimen as indicating the presence of "Atypical Squamous Cells of undetermined significance," hereinafter referred to as "ASCUS."

6.     That on or about February 6, 2014, LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, transmitted the PAP results to plaintiff's physician, Dr. Judith Bressler.

7.     That as a result of the interpretation of the PAP specimen by LABORATORY CORPORATION OF AMERICA, by and through its authorized employees and/or actual or apparent agents, including but not limited to, Debra Brown, M.D. and cytotechnologist Christin Cox, Dr. Bressler recommended that plaintiff, CRYSTAL INGRAM, repeat the PAP test and HPV test in three years.

8.     That on or about March 24, 2014, plaintiff underwent a pelvic ultrasound, which demonstrated the existence of fibroid and possible cyst on her ovary.

9.     That the PAP and HPV test results, as well as the instructions for repeating the tests were communicated to plaintiff by JUDITH BRESSLER, M.D., THERESA HUBERTY, R.N. and or other employee or staff members of EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES.

10.     That on or about March 30, 2017 plaintiff, CRYSTAL INGRAM, underwent a repeat PAP smear test and HPV test.

11.     That the PAP smear results of March 30, 2017, indicated the presence of "high grade squamous intraepithelial lesion (HSIL) moderate to severe dysplasia, CINII/CINIII/CIS."

12.     That at all times referenced herein, JUDITH BRESSLER, M.D., THERESA HUBERTY, R.N. and or other employee or staff members were actual or apparent agent and or employee of defendant, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES.

13.     It was then and there the duty of the defendant, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES, by and through its authorized or apparent agents, servants and employees, to include the aforementioned JUDITH BRESSLER, M.D. and THERESA HUBERTY, R.N. and or other staff member or employees or agents, to exercise due care and caution in the examination, diagnosis and treatment of plaintiff, which said duty included, but was not limited to, the accurate diagnosis and treatment of plaintiff's symptoms and complaints.

14.     Not regarding the duty as aforesaid, defendant, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES, by and through its duly authorized or apparent agents, servants, and employees, including but not

limited to JUDITH BRESSLER, M.D. and THERESA HUBERTY, R.N., and or other

staff members or employees were guilty of one or more of the following careless and

negligent acts or omissions:

a.   Failed to properly convey test results to plaintiff;

b.   Failed to properly diagnose "high grade squamous intraepithelial lesion as well as moderate to severe dysplasia;"

c.   Gave plaintiff incorrect instructions for repeating tests including but not limited to the pap smear and HPV tests as well as co-testing;

d.   Failed to properly perform patient examinations, including but not limited to pelvic examination;

e.   Failed to follow up on abnormal examinations;

f.   Failed to follow up on plaintiff's continued complaints of excessive menstrual bleeding;

g.   Had improper office procedures in place whereby information was incorrectly communicated to patients including plaintiff.

h.   Gave plaintiff erroneous instructions through her patient online chart "My Chart);

i.   Failed to notify plaintiff of need to repeat PAP and HPV.

j.   Was otherwise careless and negligent.

15.   That as a direct and proximate result of one or more of the foregoing acts or

omissions, the plaintiff, CRYSTAL INGRAM, suffered personal injuries; that the condition

of dysplasia which existed in the plaintiff, CRYSTAL INGRAM, became cancerous; that

the plaintiff, CRYSTAL INGRAM, missed time from her employment; that the plaintiff,

CRYSTAL INGRAM, endured much pain and suffering, both physical and emotional; that

the plaintiff, CRYSTAL INGRAM, sustained other damages of a serious and pecuniary

nature.

16.   That the plaintiff, CRYSTAL INGRAM, could not have reasonably learned of

her injury and malignancy until it was diagnosed during MARCH 30, 2017; moreover, the plaintiff, CRYSTAL INGRAM, could not have reasonably learned that her injury and malignancy had been the result of professional negligence until after such time.

WHEREFORE, the plaintiff, CRYSTAL INGRAM, prays for judgment against the defendant, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES in an amount to exceed Thirty Thousand Dollars ($30,000.00) plus costs of suit.

### COUNT XVI. LOSS OF CONSORTIUM
### (EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES)

Now comes the plaintiff, EMANUEL INGRAM, by and through her attorneys, LOIZZI LAW OFFICES, LLC, and makes the following allegations against the respondents in discovery, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES:

1-16. Plaintiff restates and incorporates herein, by reference, paragraphs 1 through 16 of Count XV as paragraphs 1 through 16 of Count XVI, as if fully set forth herein.

17. That at all times pertinent hereto, the plaintiff, EMANUEL INGRAM, was, and is, the husband of the plaintiff, CRYSTAL INGRAM. That by reason of the injuries suffered by the plaintiff, CRYSTAL INGRAM, the plaintiff, EMANUEL INGRAM, has also suffered the deprivation of consortium, services, companionship, and other values which arise from the marital relationship with her husband, the plaintiff, CRYSTAL INGRAM.

WHEREFORE, the Plaintiff, EMANUEL INGRAM, respectfully prays for

judgment against the defendant, EDWARD HOSPITAL, EDWARD-ELMHURST HEALTHCARE, EDWARD HEALTH VENTURES, in a sum in excess of Thirty Thousand Dollars, costs of suit, and for such other relief as this Honorable Court deems appropriate.

_____
Attorney for the plaintiff

LOIZZI LAW OFFICES, LLC
Attorneys for Plaintiff
218 North Jefferson Street, Suite 400
Chicago, IL 60661
(312) 649-3737
FAX (312) 234-9942

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL INGRAM and, | ) | |
| EMANUEL INGRAM | ) | |
|     Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| LABORATORY CORPORATION OF AMERICA | ) | Civil Action No. 17 cv 08819 |
| LABORATORY CORPORATION OF | ) | |
| AMERICA HOLDINGS, DEBRA BROWN, M.D. | ) | |
| and CHRISTIN COX, JUDITH BRESSLER, M.D. | ) | |
| THERESA HUBERTY, R.N. | ) | |
| DUPAGE MEDICAL GROUP, LTD., EDWARD | ) | Formerly Case No. |
| HOSPITAL, EDWARD-ELMHURST | ) | 17 L 009375 in the Circuit |
| HEALTHCARE, EDWARD HEALTH VENTURES | ) | Court of Cook County, |
|     Defendants. | ) | Law Division |

**AFFIDAVIT PURSUANT TO 735 ILCS 5/2-622**

    YOUR AFFIANT, Nicholas Loizzi, attorney for the plaintiff herein, CRYSTAL INGRAM and EMANUEL INGRAM, being first duly sworn, deposes and states that:

    YOUR AFFIANT, Nicholas Loizzi, attorney for the plaintiff herein, being first duly sworn, deposes and states that:

    1.    I am the attorney for the plaintiff herein CRYSTAL INGRAM and EMANUEL INGRAM.

    2.    That affiant was unable to obtain a consultation required by this statute because the statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.

                     Nicholas V. Loizzi

Subscribed and sworn to before me this 24, day of January, 2018

                   Notary Public

Loizzi Law Offices, LLC
Attorney for Plaintiffs
218 North Jefferson Street, Suite 400
Chicago, Illinois 60661
Phone: (312) 649-3737 //Fax: (312) 234-9942

MARISA A KAY
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 6, 2020

33

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

CRYSTAL INGRAM and,                                    )
EMANUEL INGRAM                                         )
     Plaintiff,                                     )
v.                                                     )
                                                       )
LABORATORY CORPORATION OF AMERICA )          Civil Action No. 17 cv 08819
LABORATORY CORPORATION OF              )
AMERICA HOLDINGS, DEBRA BROWN, M.D. )
and CHRISTIN COX, JUDITH BRESSLER, M.D. )
THERESA HUBERTY, R.N.                     )
DUPAGE MEDICAL GROUP, LTD., EDWARD )          Formerly Case No.
HOSPITAL, EDWARD-ELMHURST               )          17 L 009375 in the Circuit
HEALTHCARE, EDWARD HEALTH VENTURES )          Court of Cook County,
     Defendants.                                 )          Law Division

### DAMAGES AFFIDAVIT

    YOUR AFFIANT, Nicholas V. Loizzi, attorney for the plaintiff herein, being first duly sworn, deposes and states that:

1.     I am the attorney for the plaintiff, CRYSTAL INGRAM and EMANUEL INGRAM.

2.     I am a partner in the law firm of LOIZZI LAW OFFICES, LLC, 218 North Jefferson Street, Suite 400, Chicago, Illinois 60661, and am in charge of preparation and trial of the above-entitled matter.

3.     Pursuant to Supreme Court Rule 222(b), the total money damages to be sought by Plaintiff exceeds FIFTY THOUSAND DOLLARS ($50,000).

FURTHER, YOUR AFFIANT SAYETH NOT.

_____
Nicholas V. Loizzi

Loizzi Law Offices, LLC                    Subscribed and sworn before me on January 24, 2018
Attorney for Plaintiffs                    _____
218 North Jefferson Street, Suite 400      Notary Public
Chicago, Illinois 60661
Phone: (312) 649-3737 / Fax: (312) 234-9942

```
MARISA A KAY
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 6. 2020
```

34